UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
AMIN KING,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT, and
MICHAEL VISCONTI, individually and in
his official capacity,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-4299 (CBA) (PK)



**AMON, United States District Judge:**

      Plaintiff Amin King brings the instant action against Defendants The City of New York (the "City"), The New York City Police Department (the "NYPD"), and Michael Visconti, seeking damages for Fourth Amendment and due process claims under 42 U.S.C. § 1983[1] and claims under New York law. (See generally Am. Compl.) Before the Court is a joint motion by the City and Visconti to dismiss King's Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. # 30.) For the reasons stated below, the Court dismisses sua sponte the federal claims against the NYPD, the Fifth Amendment claims against the City and Visconti, and the municipal-liability claims against Visconti. The Court further grants the joint motion to dismiss the remaining federal claims and declines to assume supplemental jurisdiction over the state-law claims.

---

[1] Although the Complaint invokes §§ 1981 and 1985 in passing, (see D.E. # 19 ("Am. Compl.") ¶ 1), King does not rely on the statutes in asserting his claims, (see id. ¶¶ 68–99; see also id. ¶ D). And although the Complaint mentions the First, Sixth, and Eighth Amendments, (see Am. Compl. ¶ 1), King asserts claims only under the Fourth, Fifth and Fourteenth Amendments, (see id. ¶¶ 68–81).

1

## BACKGROUND[2]

King alleges that, on October 12, 2012, he was arrested without probable cause in Queens, New York, and unlawfully charged with kidnapping, burglary, criminal impersonation, and unlawful imprisonment. (Am. Compl. ¶¶ 15, 37.) According to King, the purported kidnapping victim—whom he claims is a drug dealer and convicted felon—identified him in an unduly suggestive photo array and lineup. (See id. ¶¶ 32–36, 38–46.) King also contends that his physical appearance never matched the purported victim's description of the perpetrators to the police. (See id. ¶¶ 20–22, 55, 57–58.) He also claims that it should have been obvious to the police that the so-called victim fabricated his description of the crime, because the victim alleged seeing individuals despite having his face covered, and because the victim apparently escaped his captors through a "window" that King claims does not exist. (See id. ¶¶ 17–20, 23–27.) Moreover, King suggests that police attempted to place him in two different locations at the exact same time—a gaping hole in the investigation that police should have noticed and addressed before pursuing charges against him. (See id. ¶ 59.)

King also alleges police misconduct after the arrest. Even though King provided an alibi to Visconti and other investigating police officers, they ignored it and "failed to provide the alibi information to King's defense counsel prior to his criminal trial." (Id. ¶¶ 60–61.) Without providing details, King also asserts in conclusory fashion that the officers "targeted and/or framed Plaintiff . . . for a crime that he did not commit even though they knew him to be innocent," and that they "fabricated evidence, coerced witnesses, withheld material, exculpatory and

---

[2] The Court draws its facts from the Amended Complaint, documents attached to it or incorporated by reference, and "matters subject to judicial notice." N.Y. Pet Welfare Ass'n, Inc. v. City of N.Y., 850 F.3d 79, 86 (2d Cir. 2017). For instance, the Court may take judicial notice of the fact that a grand jury returned an indictment. See, e.g., Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1389 (2d Cir. 1992); McNamee v. Clemens, 762 F. Supp. 2d 584, 592 n.1 (E.D.N.Y. 2011).

2

impeachment evidence, and otherwise acted to deny Plaintiff . . . due process of law." (Id. ¶¶ 62–63.) King does not allege what the police told prosecutors or what the attorneys did with the information.

In addition, King alleges that the City and NYPD implemented six customs and policies:

> 1) arresting persons known to be innocent in order to meet "productivity goals";
>
> 2) falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals;
>
> 3) failing to supervise, train, instruct and discipline police officers[,] thereby encouraging their misconduct and exhibiting deliberate indifference towards the constitutional rights of persons within the officers' jurisdiction;
>
> 4) discouraging police officers from reporting the corrupt or unlawful acts of other officers;
>
> 5) retaliating against officers who report police misconduct; and
>
> 6) failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented with proper supervision.

(Id. ¶ 72.) A grand jury returned an indictment against King on October 17, 2012. (D.E. # 32-3.) Nonetheless, King says that, because of the illegal police investigative techniques and the City's unconstitutional practices, he was unlawfully detained until May 5, 2015, when a jury acquitted him at trial. (See id. ¶¶ 50–53, 69, 80.)

On August 2, 2016, King filed the instant action. (D.E. # 1.) He amended his pleadings on April 28, 2017, adding § 1983 claims against the City under Monell v. Department of Social Services, 436 U.S. 658 (1978), and removing false imprisonment and false arrest claims that he had asserted in the original Complaint. (See Am. Compl.; see also D.E. # 14 at 3 (conceding that the false imprisonment and false arrest claims are time-barred).)

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, King must allege "sufficient factual matter" to "nudge[]" his claims "across the line from the conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2008)).[3] Drawing upon its "experience and common sense," the Court must determine whether liability is a "reasonable inference" from the allegations. Id. at 678–79. The Court must dismiss the Complaint if its "well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct . . . ." Id. at 679. The Court also is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678. Still, the Court must adopt all factual allegations, even the "doubtful" ones. Twombly, 550 U.S. at 555.

## DISCUSSION

Before discussing the joint dismissal motion, the Court raises three preliminary issues. "Courts have both statutory and inherent authority to sua sponte dismiss frivolous suits," which are "those that lack 'an arguable basis either in law or fact.'" Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) (quoting Denton v. Hernandez, 504 U.S. 25, 31 (1992)). The Court dismisses several of King's claims sua sponte and with prejudice.

First, the federal claims against the NYPD, which has not appeared in this action, cannot stand.[4] The NYPD "cannot be sued independently" in a § 1983 action "because it is an agency of

---

[3] King cites to Conley v. Gibson, 355 U.S. 41 (1957), twice in his opposition brief and asserts that the Court may not dismiss the Amended Complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (See, e.g., Opp. Br. at 2 (quoting Conley, 355 U.S. at 45–46).) King's articulation of the law has been incorrect for the last decade, since Twombly and Iqbal abrogated the Conley principle, see Twombly, 550 U.S. at 563 (describing the principle as a "phrase . . . best forgotten as an incomplete, negative gloss on an accepted pleading standard").

[4] Counsel for Visconti and the City make a similar argument on behalf of the NYPD in their dismissal briefing, (see Br. at 27 n.8), but did not enter a notice of appearance on behalf of the NYPD.

4

the" City. See, e.g., Nnebe v. Daus, 644 F.3d 147, 158 n.6 (2d Cir. 2011); Wilson v. City of N.Y., 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992).

Second, with respect to the Fifth and Fourteenth Amendments, King attempts to assert only due process violations. Litigants may assert Fifth Amendment due process claims only against federal actors, not state actors such as Defendants. See, e.g., Dusenbery v. United States, 534 U.S. 161, 167 (2002); Ambrose v. City of N.Y., 623 F. Supp. 2d 454, 466–67 (S.D.N.Y. 2009). Accordingly, the Fifth Amendment claims have no arguable basis.

Third, the Monell claims asserted against Visconti have no arguable basis because they hold municipalities, not individuals, liable for constitutional torts. See, e.g., Monell, 436 U.S. at 691 n.55 (distinguishing between suits against the municipality under Monell and "official-capacity suits" against individual municipal officials); Lore v. City of Syracuse, 670 F.3d 127 (distinguishing between suits "against the governmental entity" under Monell and suits "against an individual in his personal capacity").

Accordingly, the Court sua sponte dismisses all federal claims against the NYPD; the Fifth Amendment claims against the City and Visconti; and the Monell claims against Visconti. The Court dismisses those claims with prejudice because amendment would be futile. See, e.g., Ind. Pub. Ret. Sys. v. SAIC, Inc., 818 F.3d 85, 97 (2d Cir. 2016).

The remaining federal causes of action are King's Fourth Amendment malicious prosecution claims against the City and Visconti, as well as the Monell claims against the City. In the joint motion to dismiss, Visconti raises four arguments concerning the malicious prosecution claims against him, that: (1) King failed plausibly to show that Visconti initiated a prosecution; (2) Visconti had probable cause; (3) King failed plausibly to show malice; and (4) qualified immunity shields Visconti. With respect to the federal claims, the City argues that: (5) no municipal liability

exists because the individual claim against Visconti fails, and (6) King fails to allege an official policy or custom. Finally, the City and Visconti argue that (7) the Court should decline to exercise supplemental jurisdiction over the state law claims because the federal law claims fail, and (8) alternatively, that most of King's state law claims fail as a matter of law.

The Court discusses the claims against Visconti and the City in turn. Because King has failed plausibly to show initiation of prosecution by Visconti or an official policy or custom by the City, the Court dismisses the federal claims. The Court also declines to exercise supplemental jurisdiction over the state-law claims.

I. **Visconti**

As stated above, King asserts a malicious prosecution claim—but not a false arrest or imprisonment claim—against Visconti. "[P]laintiffs may bring what is in effect a state law suit for malicious prosecution in federal court under Section 1983, so long as they are able to demonstrate a deprivation of liberty amounting to a seizure under the Fourth Amendment."[5] Spak v. Phillips, 857 F.3d 458, 461 n.1 (2d Cir. 2017).

Section 1983, "in recognizing a malicious prosecution claim when the prosecution depends on a violation of federal rights, adopts the law of the forum state so far as the elements of the claim for malicious prosecution are concerned," Cornejo v. Bell, 592 F.3d 121, 129 (2d Cir. 2010). Under New York law, the litigant must show "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999).

---

[5] However, "the Fourteenth Amendment right to substantive due process will not support a federal claim for malicious prosecution." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 114 (2d Cir. 1995).

6

Here, the malicious prosecution claim against Visconti fails as a matter of law for two reasons. First, King does not plausibly allege that Visconti initiated the prosecution against him. "In general, '[o]nce a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution.'" Douglas v. City of N.Y., 595 F. Supp. 2d. 333, 342 (S.D.N.Y. 2009) (alterations in original) (quoting Williams v. City of N.Y., No. 02-CV-3693 (CBM), 2003 WL 22434151, at *6 (S.D.N.Y. Oct. 3, 2003)). "To initiate a prosecution, a defendant must do more than report the crime or give testimony. He must 'play[] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" Manganiello v. City of N.Y., 612 F.3d 149, 163 (2d Cir. 2010) (quoting Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000)). The officer also may file charges himself, have frequent visits with the prosecutors, send to prosecutors a false confession he allegedly doctored, or "knowingly create[] false information that creates the basis for the prosecution," id.; Myers v. Cty. of Nassau, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011), because such conduct may "work[] an unacceptable 'corruption of the truth-seeking function of the trial process,'" Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997) (quoting United States v. Agurs, 427 U.S. 97, 104 (1976)).

However, the Amended Complaint—whose numerous allegations are styled and structured to assert a false arrest claim, such as the one King conceded is time-barred—makes no allegations about how Visconti "play[ed] an active role in the prosecution." See Manganiello, 612 F.3d at 163. King fails to allege even a single interaction between Visconti and the state prosecution. The Amended Complaint does not suggest what evidence the prosecution included in its case against him at trial, let alone discuss whether the case was based on the impermissibly suggestive line up

and photo array King alleged.[6] Prosecutors independently assess evidence given to them by police, because they "have an obligation to curb police overzealousness," Friedman v. Rehal, 618 F.3d 142, 158 (2d Cir. 2010), they "have a special duty not to mislead" the Court, United States v. Salameh, 152 F.3d 88, 133 (2d Cir. 1998), and "[d]ue process bars a prosecutor from making knowing use of false evidence," id. The Court cannot determine whether the police hid anything from the prosecution unless the pleadings indicate what the police said (or did not say).[7] Given the lack of any allegations explaining how Visconti and other police officers interacted with the prosecution, the pleadings fail to plausibly show that Visconti initiated the prosecution.[8] (See also Reply Mem. of Law in Further Supp. of Defs.' Mot to Dismiss ("Reply"), D.E. # 33 at 5.)

Second, King fails to show that Visconti acted without probable cause. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Savino v. City of N.Y., 331 F.3d 63, 72 (2d Cir. 2003). "The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." Stansbury v. Wertman, 721 F.3d 84, 95 (2d Cir. 2013); see also Posr v. Court Officer Shield No. 207, 180 F.3d 409, 417 (2d Cir. 1999) (focusing on probable cause "to believe that [the plaintiff] could be successfully prosecuted," not probable cause "to arrest" the plaintiff). "Probable cause, in the

---

[6] King also alleges, without any factual support, that the "investigating officers fabricated evidence, coerced witnesses, and withheld material exculpatory and impeachment evidence . . . ." (See Am. Compl. ¶ 63.) The Court rejects such a conclusory statement.

[7] At one point, King asserts that Visconti "failed to provide the alibi information to Plaintiff's defense counsel prior to his criminal trial." (Am. Compl. ¶¶ 60–61.) Although an officer may be liable for malicious prosecution by "withholding material exculpatory evidence from the prosecutor," Stukes v. City of N.Y., No. 13-CV-6166 (NGG), 2015 WL 1246542, at *9 (E.D.N.Y. Mar. 17, 2015) (emphasis added), King does not allege that Visconti withheld the alibi from the state prosecutors here. And just because Visconti failed to provide the alibi does not mean that the prosecution would fail to disclose the information to defense counsel, pursuant to the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963). Again, the pleadings reveal nothing about what the prosecution was told or knew about the evidence gathered by Visconti and the other investigative officers, and the absence of such information renders implausible the malicious prosecution claim against Visconti.

[8] In bolstering the presumption, the City and Visconti ask this Court to consider evidence outside the four corners of the Amended Complaint. (See Br. at 9–10.) The Court may not do so at the pleadings stage.

context of malicious prosecution," means "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Boyd v. City of N.Y., 336 F.3d 72, 76 (2d Cir. 2003). "Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it." Manganiello, 612 F.3d 149, 161 (2d Cir. 2010) (citing Hill v. California, 401 U.S. 797, 803–04 (1971)). The Court evaluates probable cause "in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to the time of arrest." Ying Li v. City of N.Y., 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017) (quoting Drummond v. Castro, 522 F. Supp. 2d 667, 677–78 (S.D.N.Y. 2007)).

King does not provide sufficient allegations to rebut the presumption of probable cause created by the October 17, 2012, grand jury indictment against him, (see D.E. # 32-3), of which the Court takes judicial notice, see, e.g., Liberty Mut., 969 F.2d at 1389. "[U]nder New York law, indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Savino, 331 F.3d at 72 (quoting Colon v. City of N.Y., 455 N.E.2d 1248, 1251 (N.Y. 1983)); see also McClellan v. Smith, 439 F.3d 137, 145 (2d Cir. 2006)). Here, King fails to make any well-pleaded allegations plausibly showing fraud, perjury, the suppression of evidence, or bad-faith conduct by Visconti. Accordingly, King does not overcome the presumption of probable cause, and the malicious prosecution claim fails.

As stated above, King already has attempted to amend his complaint once. In his opposition brief, King did not seek leave to amend his pleadings further, and the Court declines to grant leave sua sponte. See, e.g., Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."). However, the Court denies the request by the City and Visconti to dismiss the malicious prosecution claims with

prejudice. (See Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Br."), D.E. # 31 at 27.) The Court cannot say that amendment would be futile. Cf. SAIC, 818 F.3d at 97.

## II. The City

King also asserts Monell claims against the City.[9] Although he does not clearly state under what theories he is pursuing those claims, King appears to be asserting malicious prosecution and false arrest. (See Am. Compl. ¶¶ 69, 78.) In conjunction with this claim, King argues that his due process rights were violated. (Id. ¶ 75.) Even though the City suggested in prior court filings that it would raise a statute-of-limitations defense, (see D.E. # 13 at 2), the City does not argue in its motion to dismiss that the Monell false arrest claim against it is time-barred.

Municipalities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011). The City "may be liable under § 1983 only 'if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation.'" Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick, 563 U.S. at 60). In other words, "a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)); see also Roe, 542 F.3d at 37 ("[T]o hold the municipality liable, . . . the agent's actions must implement rather than frustrate the government's policy."). Accordingly, to assert a Monell claim, King must show "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007).

The Court finds that King fails plausibly to assert the first element. "[M]ere assertions" of policies or customs do not give rise to Monell liability. Dwares v. City of N.Y., 985 F.2d 94, 100

---

[9] King asserts a malicious prosecution claim against the City, (see Am. Compl. ¶ 69), and the Court construes it as a Monell claim.

10

(2d Cir. 1993); see also, e.g., Jenkins v. City of N.Y., 478 F.3d 76, 95 (2d Cir. 2007); Morston v. City of N.Y., No. 14-CV-5079 (RRM), 2017 WL 4480147, at *5 (E.D.N.Y. Sept. 28, 2017). Here, the Amended Complaint asserts a laundry list of municipal policies in a conclusory fashion, (see Am. Compl. ¶ 72), but King provides no "allegations of fact tending to support, at least circumstantially," the implementation of those policies, Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). King attempts to save his claim by describing, in his opposition brief, "repeated occurrences of similar wrongful conduct, as documented by [King's list of] civil rights actions and parallel prosecutions of police officers." (Pl.'s Mem of Law in Opp. To Defs.' Mot. to Dismiss ("Opp. Br."), D.E. # 29 at 12 (emphasis in original).) The list goes on for 13 pages. (See id. at 12–24.) As the City and Visconti correctly note, (see Reply at 8), King "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to" a motion to dismiss, K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013). The Court declines to consider the new allegations and finds that the Amended Complaint fails plausibly to assert an official policy or custom. Accordingly, the Monell claims fail, and the Court dismisses the claims without prejudice.

### III. State Law Claims

The Court now considers whether it should assert jurisdiction over the state law claims. Here, King has brought claims under New York tort law against all named Defendants.[10] King does not assert diversity jurisdiction, nor do the pleadings suggest that he could. (See, e.g., Am. Compl ¶¶ 1–2, 5–9.) Therefore, the Court has no independent jurisdiction over the state law

---

[10] King asserts "respondeat superior" claims, (see Am. Compl. ¶¶ 93–95), but respondeat superior is not a cause of action under New York law. Rather, it connects defendants to otherwise actionable torts. See, e.g., Nzegwu v. Friedman, No. 10-CV-2994 (CBA), 2014 WL 1311428, at *15 (E.D.N.Y. Mar. 31, 2014), aff'd, 605 F. App'x 27 (2d Cir. 2015). Therefore, the Court construes the "respondeat superior" claims as theories to assert the other state tort claims in the Amended Complaint.

claims. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553–54 (2005). The Court has only supplemental jurisdiction over them. See 28 U.S.C. § 1367.

"The exercise of supplemental jurisdiction is within the sound discretion of the district court." Lundy, 711 F.3d at 117. The Court must consider judicial economy, convenience, and other factors, but generally, "where the federal claims are dismissed before trial, the state claims should be dismissed as well." Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014); see also 28 U.S.C. § 1367(c)(3). Here, because it has dismissed the federal claims at the pleadings stage, the Court finds that the balance of factors counsels in favor of dismissing the state law claims. Pursuant to 28 U.S.C. § 1367(d), the Court advises King that his state law claims, if they were timely filed in this Court, are tolled for 30 days after today, unless New York law provides for a longer tolling period.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the joint motion to dismiss by the City and Visconti. The Court sua sponte dismisses with prejudice all federal claims against the NYPD; the Fifth Amendment claims against the City and Visconti; and the Monell claims against Visconti. The Court dismisses without prejudice the malicious prosecution claims against Visconti and the malicious prosecution and false arrest claims against the City. The Court declines to exercise supplemental jurisdiction over the state law claims as to all named Defendants.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 2/, 2018
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge